UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL MECCA

    Plaintiff,

v.                                        Case No. 8:12-cv-2561-T-30TBM

FLORIDA HEALTH SCIENCES
CENTER INC.,
d/b/a TAMPA GENERAL HOSPITAL

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Florida Health Sciences Center, Inc.'s Motion to Dismiss. (Dkt. 8). The Court, having reviewed Plaintiff's Complaint (Dkt. 2), Defendant's Motion (Dkt. 8), Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 14), and being otherwise advised of the premises, concludes that the Motion to Dismiss should be granted.

## BACKGROUND

For purposes of deciding this motion, the court accepts as true the factual allegations in Mecca's complaint. See *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir.2003). Plaintiff, Daniel Mecca ("Mecca") was hired by Defendant Tampa General Hospital ("Tampa General") in May 2004 as an RN in the Vascular Access Unit. Mecca's supervisor was RN Sandra Mehner. (Dkt. 2, ¶ 15).

Beginning in 2009, Mecca and another employee observed Supervisor Mehner straying from the Tampa General's strict policy regarding the placement of PICC (Peripherally Inserted Central Catheter) lines into the veins of patients. (Dkt. 2, ¶ 19). After Mecca witnessed Supervisor Mehner continue to stray from Tampa General's policy, he approached her about it. (Dkt. 2, ¶ 22).

Supervisor Mehner was unwilling to talk to Mecca about his concerns. (Dkt. 2, ¶ 23). Mecca then contacted Human Resources and upper management. (Dkt. 2, ¶ 24). Over the next few months, Mecca was the subject of multiple complaints made by Supervisor Mehner and other unidentified nurses. (Dkt. 2 ¶ 27). The complaints all alleged anger issues and threatening behavior by Mecca. (Dkt. 2 ¶ 29). The complaints were meritless and were created in retaliation for Mecca's vocal opposition regarding the improper PICC procedures being taught by Supervisor Mehner. (Dkt. 2, ¶ 28, 30).

During a closed door meeting with HR representatives, hospital administrators, and hospital security, Mecca was interrogated about his mental state and coerced into talking about past personal and medical issues from his youth. (Dkt. 2, ¶ 33). After this meeting, Mecca was subjected to a psychiatric evaluation against his will, based on the belief that be posed a threat to his co-workers. (Dkt. 2, ¶ 35). Tampa General, in reliance on Mecca's past medical and emotional issues, presented Mecca with an ultimatum that he could resign or go out on medical leave. (Dkt. 2, ¶ 36).

Mecca chose to go on medical leave. (Dkt. 2, ¶ 37). Upon Mecca's first day back on May 7, 2010, he began to feel ill. (Dkt. 2, ¶ 40). Mecca obtained permission from Supervisor Mehner to leave. Later that day, Mecca received a text message from his manager telling him not to return to work until he was asked to do so. (Dkt. 2, ¶ 41). Mecca was subsequently never asked to return to work, and was told his employment with Tampa General was being terminated. (Dkt. 2, ¶ 43).

## STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003). In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## **DISCUSSION**

I. **TAMPA GENERAL'S ARGUMENT THAT MECCA FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF AS REQUIRED BY TWOMBLY.**

a. *Tampa General argues Counts I and IV must be dismissed for failure to state a claim.*

Under either count, Mecca must plead that he "(1) had, or was perceived to have a 'disability'; (2) was a 'qualified' individual; and (3) was discriminated against because of his disability." *Carruthers v. BSA Adver.*, Inc., 357 F.3d 1213, 1215, (11th Cir. 2004). To survive a motion to dismiss, Mecca's complaint must include sufficient facts as to each element to support a "reasonable inference" that he is entitled to relief under the ADA. *D'Angelo v. ConAgra Foods, Inc.,* 422 F.3d 1220, 1227 (11th Cir. 2005).

Here, Mecca's complaint fails to meet the pleading requirements. Mecca asserts he suffers from a recognized disability of which Tampa General was well aware, however Mecca fails to state what this disability is and how Tampa General knew about it.

Since the alleged discriminatory conduct in this case took place after January 1, 2009, the American with Disabilities Act Amendments Act of 2008 ("ADAAA") applies. 42 U.S.C. § 12112. The ADAAA amended the ADA to, among other things, promulgate a more liberal standard of the term "disabled," making it significantly easier for a plaintiff to show disability. Indeed, the new

regulations state that:

> The primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of 'disability' in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA.

29 C.F.R. § 1630.1(c)(4).

Under the ADAAA, a disability is defined as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 29 C.F.R. § 1630.2(g)(1)(I). An impairment qualifies as a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. 29 C.F.R. § 1630.2(j)(1)(ii).§

The new regulations go on to explain that the term "substantially limits" is to be broadly construed "in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.2(j)(1)(I). Major life activities are defined as, among other things, "performing manual tasks ... walking, standing, sitting, reaching, lifting, bending, ... working ... [and the] operation of a major bodily function, including ... the ... musculoskeletal" function. 29 C.F.R. § 1630.2(I) (emphasis added).

Since Mecca has failed to describe what his disability is, the Court is unable to determine whether Mecca suffered from an impairment that meets ADA requirements. Plaintiff's complaint makes the assumption that his disability qualifies under the ADA, but, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). Legal conclusions "must be supported by factual allegations." *Id.*

Mecca also fails to plead facts as to how he was discriminated against because of his disability. Mecca draws the legal conclusion that he was terminated based on his disability without supporting facts. The Court cannot accept the legal conclusion Mecca was terminated based on his disability without his pleading supporting facts. *Iqbal*, 129 S.Ct., at 150.

This ground for dismissal should be granted.

*b. Tampa General argues Counts III and VI for retaliation should be dismissed for failure to state a claim.*

In order to allege retaliation under the ADA and FCRA, Mecca must plead: (1) he engaged in conduct protected by the ADA; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected conduct. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir.1999). To establish a causal link between the protected activity and the adverse employment action, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Meeks v. Computer Assocs. Int'l,* 15 F.3d 1013, 1021 (11th Cir.1994). The Court

construes this causal link element broadly. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Mecca alleges he engaged in protected conduct by requesting FMLA leave. (Dkt. 2, ¶ 40, 71). Mecca contends his decision to go on FMLA leave was the reason for his employment being terminated. (Dkt. 2, ¶ 72). But in Counts II and VI, Mecca state his claims are brought under the ADA. Going on FMLA leave is not conduct protected under the ADA. Mecca provides no authority showing the conduct in question is protected under the ADA.

This ground for dismissal should be granted.

## II. TAMPA GENERAL'S ARGUMENT THAT MECCA HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO COUNTS II, III, V, AND VI.

Tampa General contends Mecca has failed to exhaust his administrative remedies as to Counts II, III, V, and VI. A plaintiff must exhaust his available administrative remedies by first filing a charge with the EEOC. *Anderson v. Embarq / Sprint,* 379 F. App'x 924, 926 (11th Cir.2010). "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." *Id.* The Eleventh Circuit has stated that a plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1332 (11th Cir.2000). Tampa General asserts Mecca exceeded the scope of the Charge as to

Counts II, III, V, and VI and therefore has failed to exhaust his administrative remedies as to those Counts.

    *a. Counts III and VI alleging retaliation.*

Tampa General asserts not only did Mecca not allege retaliation in the factual allegations of his Charge, he also did not check the retaliation box on his Charge.

The proper inquiry is whether Counts III and VI of Mecca's complaint alleging retaliation were like or related to, or grew out of, the allegations contained in the EEOC charge. "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Department of Human Resources,* 355 F.3d 1277, 1280 (11th Cir.2004). "This Court need not bar any claims simply because the Plaintiff did not check all of the proper boxes on the EEOC charge." *Id.*

Mecca filed the EEOC charge after he was terminated. The ultimate act Mecca complained about in the Charge was that he was terminated due to his disability resulting in discrimination. The Court is unable to discern whether retaliation could reasonably be expected to grow out of Mecca's claim of disability without knowing more of the facts supporting the alleged disability. Therefore, the Court will not rule on the issue at this time.

    *b. Count V alleging Hostile Work Environment.*

Tampa General asserts that a hostile work environment claim is outside the scope of Mecca's charge. Tampa General contends the Charge does not refer to

any acts that could form the basis for a hostile environment claim, and the Charge specifically states the discrimination started and ended on the date of termination, May 18, 2010.

The Court agrees. Mecca's Charge only asserts one act of discrimination: the termination of employment due to disability. (Dkt. 8-1, p. 2). Mecca's hostile work environment claim fails to show how Mecca being subject to a hostile work environment was like or related to, or grew out of, the termination of his employment. Therefore, because Mecca has failed to exhaust his administrative remedies as to Count V, Count V should be dismissed.

   c.  *Count II alleging Impermissible Medical Inquiries.*

Tampa General asserts Count II exceeds the scope of the Charge and therefore Mecca has failed to exhaust his administrative remedies.

In his complaint, Mecca contends Tampa General required medical examinations and made medical inquiries as to Mecca's past medical history without showing the examination was job-related. (Dkt. 2, ¶ 53). Mecca asserts that, in front of personnel who had the authority to make employment decisions, Mecca was coerced into revealing past personal and medical issues. (Dkt. 2, ¶ 33).

Mecca fails to make a claim for impermissible medical inquiries in his Charge. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *A.M. Alexander v. Fulton County, Georgia,* 207 F.3d 1303, 1332

(11th Cir.2000). It was unforeseeable for the EEOC investigation to have grown to include the medical inquiry claim. A claim that Tampa General made an impermissible medical inquiry is a distinct claim from the allegation that Mecca's employment was terminated due to his disability.

This ground for dismissal should be granted.

### III. TAMPA GENERAL'S ARGUMENT THAT COUNTS I AND IV EACH CONTAIN TWO DISTINCT CLAIMS AND THEREFORE DO NOT COMPLY WITH RULE 10(B).

Tampa General contends that by Mecca combining the claim he was discriminated against due to a disability, with the claim he was discriminated against due to a perceived disability, he creates confusion. Tampa General asserts that separating these two distinct claims into two counts would promote clarity as the claims have separate elements of proof.

As a practical matter, Mecca has pled in the alternative. Tampa General has acknowledged as much. (Dkt. 8, p. 11). Mecca has pled related claims that require similar elements of proof. The Court sees no reason to require Mecca to separate the claims.

For the foregoing reasons it is **ORDERED** and **ADJUDGED** as follows:

1. **DEFENDANT'S MOTION TO DISMISS** (Dkt. 8) is **GRANTED.**

2. Count II and Count V are dismissed with prejudice.

3. Count I, Count III, Count IV, and Count VI are dismissed without prejudice.

4. Plaintiff Mecca may replead his Complaint (with the exception of Count II and Count V) within 14 days of the date of this Order.

DONE AND ORDERED this 10th day of January, 2013, at Tampa, Florida.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-2561 mtd 8.docx